**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel: (973) 287-5006
Fax: (973) 226-4104

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COMMUNICATIONS, INC.<br><br>Debtor. | Chapter 11 (Sub-Chapter V)<br><br>Case No. 22-_____ (\_\_\_) |

**DECLARATION OF LARRY MILLER
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

1. I, Larry Miller, am the President of the above-captioned debtor and debtor-in-possession (the "***Debtor***"), a Delaware corporation limited liability company with its principal office located at 500 Eighth Avenue, New York, New York 10018. This declaration (the "***Declaration***") is submitted by the Debtor pursuant to the Local Rules of this Court, in connection with filing of a Chapter 11 case by the above Debtor.

2. The Debtor has been in business since 1974. Since 1979, the Debtor has been providing bookkeeping and payroll for a media buying and trading company.

3. During COVID-19, the Debtor was unable to use its office location, and as such, under the terms of the lease, the Debtor believes that it does not have to pay rent. Debtor's landlord disputes the Debtor's interpretation of the lease and asserts that the Debtor owes it

$1,030,342.00. The Debtor disputes such amount and such amount, if valid, is unsecured debt. As set forth below, the landlord commenced an action to evict the Debtor and for rent landlord asserts is owing. This rental obligation, coupled with the effects of COVID, are the main reasons for the Debtor's filing of the Chapter 11 case.

4. The Debtor does not have secured debt.

5. By this chapter 11 process, the Debtor intends to restructure its debt obligations pursuant to a plan of reorganization, while at the same time, exploring strategic alternatives.

6. Pursuant to rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

7. Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, the Debtor does not have any secured creditors.

8. Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as **Exhibit "2"** is a schedule of the Debtor's assets and liabilities.

9. Pursuant to Rule 1007-2(a)(7) of the Local Bankruptcy Rules, the Debtor is a privately held corporation and has no publicly held securities.

10. Pursuant to Rule 1007-2(a)(8) of the Local Bankruptcy Rules, the Debtor does not have property in the hands of a custodian.

11. Pursuant to Rule 1007-2(a)(9) of the Local Bankruptcy Rules, as noted above, prior to the filing of this Chapter 11 case, the Debtor's principal office is located at 500 Eighth Avenue, New York, New York 10018.

12. Pursuant to Rule 1007-2(a)(10) of the Local Bankruptcy Rules, the Debtor's books and records, prior to the filing of this Chapter 11 case, were located at 500 Eighth Avenue, New York, New York 10018. All records are electronically stored.

13. Pursuant to Rule 1007-2(a)(11) of the Local Bankruptcy Rules, the Debtor is a defendant in the action titled *500 Eighth Avenue LLC v. Corinthian Communications LLC*, Case No. 308684/2021, pending in the Civil Court for the City of New York, located in Manhattan, New York.

14. Pursuant to Rule 1007-2(a)(12) of the Local Bankruptcy Rules, I am the only officer and director of the Debtor.

15. Pursuant to Rule 1007-2(b)(1) of the Local Bankruptcy Rules, the Debtor has twenty-seven employees and has monthly payroll obligations in the approximate amount $252,000.

16. Pursuant to Rule 1007-2(b)(2) of the Local Bankruptcy Rules, the Debtor does not propose to make any payments to the Debtor's director Larry Miller for the 30-day period following the filing of the Chapter 11 petition.

17. Pursuant to Rule 1007-2(b)(3) of the Local Bankruptcy Rules, in the next 30 days, the Debtor expects to collect approximately $252,000 to cover its payroll obligations.

Under penalty of perjury, I affirm that the facts set forth herein are accurate to the best of my knowledge.

Dated: April 4, 2022

*/s/ Larry Miller*
Larry Miller

# EXHIBIT 1

## DEBTOR'S TOP 20 UNSECURED CREDITORS

500 Eighth Ave LLC
500 Eighth Avenue
New York, NY 10018
-and-
P.O. Box 76119
Baltimore, MA 21275-6119
$1,030,342.00 (Disputed)

Larry Miller
PO Box 189
New York, NY 10016
$1,250,000.00

# EXHIBIT 2

## SUMMARY OF ESTIMATED ASSETS AND LIABILITIES

**Assets:**

| | |
|---|---|
| Cash: | $12,279 |
| FF&E: | $10,000 |
| ERC: | $334,182 |

**Liabilities:**

| | |
|---|---|
| Secured: | $0 |
| Priority: | $174,912 |
| GUC: | $2,266,604 |