**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COMMUNICATIONS, INC.<br><br>                    Debtor. | Chapter 11 (Sub-Chapter V)<br><br>Case No. 22-_____ (___) |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT ITS
LEASE WITH RESPECT TO 500 EIGHTH AVENUE, MANHATTAN,
<u>EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE</u>**

Corinthian Communications, Inc., the above-captioned debtor and debtor in possession (the "***Debtor***"), files this Motion to Reject Certain Executory Contracts (the "***Motion***"), *nunc pro tunc* to the Petition Date. In support of the Motion, the Debtor relies on the Declaration of Larry Miller filed concurrently herewith and respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested herein is 11 U.S.C. § 365.

**BACKGROUND**

4. On April 4, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Court***").

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with §§1107 and 1108 of the Bankruptcy Code.

6. Because this is a case commenced under subchapter v of the Bankruptcy Code, no committee of unsecured creditors has been or will be appointed in this case.

7. The Debtor, as tenant, and 500 Eighth Avenue LLC, as landlord (the "***Landlord***"), are parties to that certain lease dated as of November 30, 2006 (as such may have been modified or amended, the "***Lease***"), pursuant to which the Debtor leased space in the premises located at 500 Eighth Avenue, New York 10018 (the "***Premises***").

8. Prior to the Petition Date, the Debtor surrendered the Premises to the Landlord and terminated the Lease.

9. Despite the Lease being terminated prior to the Petition Date, the Debtor is filing this Motion out of an abundance of caution.

**RELIEF REQUESTED**

10. By this Motion, the Debtor seeks to reject the Lease as of the Petition Date.

**BASIS FOR RELIEF**

A.  Rejection of the Lease is a Sound Exercise of the Debtor's Business Judgment.

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

12. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section 365(a) in the exercise of its "business judgment").

13. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit a debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

14. As noted above, the Debtor surrendered the Premises and terminated the Lease prior to the filing of this chapter 11 case and is filing this Motion out of an abundance of caution. The Debtor has determined in its business judgment that it no longer requires the space it leases under the Lease as such is expensive and unnecessary during the COVID-19 and post-Covid-19 environment. Accordingly, the Debtor submits that the Lease should be rejected.

B. *Nunc Pro Tunc* Relief is Appropriate.

15. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a). *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004). ("[T]he court's

power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

16. The equities of this case favor rejection of the Lease *nunc pro tunc* to the Petition Date. Rejection *nunc pro tunc* will permit the Debtor to reduce the burdensome cost and avoid additional, unnecessary administrative charges incurred under the Lease that are not necessary to the Debtor's operations or chapter 11 efforts. Furthermore, the Landlord will not be unduly prejudiced if the Lease is rejected *nunc pro tunc* because the Debtor has already surrendered the Premises to the Landlord and has terminated the Lease prior to the filing of this Chapter 11. To eliminate potential administrative claims against its estate and avoid further obligations accruing under the Lease, the Debtor respectfully submits that rejecting the Lease as of the Petition Date is appropriate.

## **NOTICE**

17. Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the 20 largest unsecured creditors of the Debtor; (d) the Debtor's equity holder(s); and (e) the Landlord. The Debtor submits that such notice is sufficient and no other or further notice need be provided.

*[remainder of page intentionally left blank]*

# **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: April 4, 2022

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
      Eric H. Horn, Esq.
      Heike M. Vogel, Esq.
      101 Eisenhower Parkway, Suite 412
      Roseland, New Jersey 07068
      Tel. (973) 287-5006
      Fax (973) 226-4104

      *Proposed Counsel to the Debtor*
      *and Debtor-in-Possession*