**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COMMUNICATIONS, INC.,<br><br>                           Debtor. | Chapter 11 (Sub-Chapter V)<br><br>Case No. 22-_____ (___) |

**DECLARATION OF LARRY MILLER IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT ITS LEASE WITH RESPECT TO 500 EIGHTH AVENUE, MANHATTAN, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

1.      I, Larry Miller, am the President of the above-captioned debtor and debtor-in-possession (the "***Debtor***"), a Delaware corporation limited liability company.  This declaration (the "***Declaration***") is submitted in support of the Debtor's Motion to Reject its Lease with 500 Eighth Avenue LLC.

2.      On April 4, 2022 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Court***").

3.      The Debtor, as tenant, and 500 Eighth Avenue LLC, as landlord (the "***Landlord***"), are parties to that certain lease dated as of November 30, 2006 (as such may have been modified or

amended, the "***Lease***"), pursuant to which the Debtor leased space in the premises located at 500 Eighth Avenue, New York 10018 (the "***Premises***").

4.     The Debtor surrendered the Premises and terminated the Lease prior to the filing of this chapter 11 case and is filing this Motion out of an abundance of caution.  I, as president of the Debtor, have determined it is in the Debtor's best interest to reject the Lease as of the Petition Date, as such is expensive and unnecessary during the COVID-19 and post-Covid-19 environment.

5.     I believe that the equities of this case favor rejection of the Lease *nunc pro tunc* to the Petition Date. Indeed, rejection *nunc pro tunc* will permit the Debtor to reduce the burdensome cost and avoid additional, unnecessary administrative charges incurred under the Lease that are not necessary to the Debtor's operations or chapter 11 efforts. Furthermore, I believe that the Landlord will not be unduly prejudiced if the Lease is rejected *nunc pro tunc* because the Debtor has already surrendered the Premises to the Landlord and has terminated the Lease prior to the filing of this Chapter 11.  To eliminate potential administrative claims against its estate and avoid further obligations accruing under the Lease, the Debtor respectfully submits that rejecting the Lease as of the Petition Date is appropriate and a sound use of the Debtor's business judgment.

*[remainder of page intentionally left blank]*

Under penalty of perjury, I affirm that the facts set forth herein are accurate to the best of my knowledge.

Dated: April 4, 2022

<div style="margin-left: 40%;">

*/s/ Larry Miller*
Larry Miller

</div>