**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax  (973) 226-4104

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CORINTHIAN COMMUNICATIONS, INC.<br><br>            Debtor. | Chapter 11 (Sub-Chapter V)<br><br>Case No. 22-10425 (MG) |

**SO ORDERED STIPULATION BETWEEN THE DEBTOR AND 500 EIGHTH AVENUE LLC WITH RESPECT TO DEBTOR'S LEASE**

This Stipulation and Agreed Order (the "*Agreement*") is entered into this 25th day of May 2022, by and between Corinthian Communications, Inc., the above-captioned debtor and debtor-in-possession (the "*Debtor*"), and 500 Eighth Avenue LLC (the "*Landlord*").  Each of the Debtor and the Landlord are a "*Party*" and are collectively the "*Parties*."  In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

**RECITALS**

**WHEREAS**, on April 4, 2022 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of New York (the "*Court*").

**WHEREAS**, the Debtor continues to operate its business and manage its property as a debtor-in-possession in accordance with §§1107 and 1108 of the Bankruptcy Code.

**WHEREAS**, because this is a case commenced under subchapter v of the Bankruptcy Code, no committee of unsecured creditors has been or will be appointed in this case.

**WHEREAS**, the Debtor, as tenant, and 500 Eighth Avenue LLC, as landlord (the "***Landlord***"), were parties to that certain lease dated as of November 30, 2006 (as such may have been modified or amended, the "***Lease***"), pursuant to which the Debtor leased space in the premises located at 500 Eighth Avenue, New York 10018 (the "***Premises***").

**WHEREAS**, prior to the Petition Date, the Debtor surrendered the Premises to the Landlord and terminated the Lease.

**WHEREAS**, on the Petition Date, the Debtor filed a motion out of an abundance of caution, seeking to reject the lease effective as of the Petition Date (the "***Motion***").

**NOW THEREFORE**, the Parties hereby stipulate and agree, subject to approval by the Court, as follows:

1. The recitals set forth above are incorporated herein as if set forth herein at length.

2. The Lease was terminated prior to the Petition Date, and as of the commencement of this case, the Lease was no longer extant.

3. All property left at the Premises, including (a) office equipment constituting property of the estate and (b) personal property of employees which employees failed to remove, is deemed abandoned. To that end, Landlord permitted Debtor to hire a third party to access the Premises and remove and dispose of all such property from the Premises. This removal was completed on May 20–22, 2022.

4. Landlord shall have the later of thirty (30) days from the Court's approval of this Agreement or the deadline established for the filing of proofs of claim, to file its proof claim.

5. Upon execution of this Agreement, the Motion is deemed withdrawn with prejudice.

6. Landlord will not assert an administrative expense claim against the Debtor on account of post-petition rent under the Lease.

7. This Agreement may be executed in counterparts, each of which shall be deemed to be an original. A copy of this Agreement shall be deemed to be valid and binding as if it was an original. The signature of any signatory to this Agreement may be executed through the use of facsimile transmission or by way of PDF as an attachment to an email, in which case the signature on this Agreement shall be effective as if an original signature were affixed hereto and may be relied upon by the Parties hereto.

8. This Agreement constitutes the entire agreement of the Parties with respect to termination of the Lease and supersedes and replaces any prior communications, negotiations, agreements, and understandings, whether written or oral, between the Parties with respect to termination of the lease.

9. This Agreement is entered into by Landlord without prejudice to any rights, claims, or objections Landlord has or may have, all of which are specifically reserved and preserved.

10. This Agreement may not be modified, terminated, or vacated without the written consent of all Parties or further order of the Court.

11. Each individual who signs this Agreement on behalf of a Party represents and warrants that he or she has been duly authorized to sign this Agreement and has the authority to bind the respective entity to the terms and conditions of this Agreement.

12. Each of the Parties acknowledges that it has had a full and fair opportunity to confer with counsel of its choice regarding the meaning and import of the terms of this Agreement and that this

Agreement has been negotiated at arms' length. The Parties further agree that, for all purposes, this Agreement shall be deemed to have been drafted jointly by the Parties hereto.

13. This Agreement is subject to approval by the Court.

[*remainder of page intentionally left blank*]

14. The Court will retain jurisdiction to resolve any disputes or controversies that may arise from this Agreement.

| | |
|---|---|
| **A.Y. STRAUSS LLC** | **MORRISON COHEN LLP** |
| By: _____ | By. _____ |
| Eric H. Horn, Esq. | Joseph T. Moldovan, Esq. |
| Heike M. Vogel, Esq. | David J. Kozlowski, Esq. |
| 101 Eisenhower Parkway, Suite 412 | Sally Siconolfi, Esq. |
| Roseland, New Jersey 07068 | 909 Third Avenue, 27th Floor |
| Tel. (973) 287-5006 | New York, New York 10022 |
| Fax (973) 226-4104 | Tel. (212) 735-8845 |
| | Fax (212) 735-8708 |
| *Proposed Counsel to the Debtor* | |
| *and Debtor-in-Possession* | *Counsel to the Landlord* |