

**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

*201 Varick Street*     Phone:*(212) 510-0500*
*Suite 1006*     Fax:    *(212) 668-2255*
*New York, New York 10014*

June 28, 2022

Honorable Martin Glenn
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

<u>**Re: In re Corinthian Communications Inc., Case No. 22-10425 (MG)**</u>

Dear Honorable Judge Glenn:

We write with respect to the United States Trustee's Motion to Remove the Debtor as Debtor in Possession Pursuant to 11 U.S.C. § 1185(a) [ECF No. 37] (the "**Motion**"). Please be advised that my Office has recently learned new information regarding the calculation of the revenue reduction requirement for Second Draw Paycheck Protection Program Loans. The governing Interim Final Rule provides as follow: "Gross receipts of a borrower with affiliates is calculated by adding the gross receipts of the business concern with the gross receipts of each affiliate." IFR(c)(2)(ii)(A) - https://www.federalregister.gov/d/2021-00452/p-117. Affiliates under the Paycheck Protection Program are defined in 13 C.F.R. 121.301(f). In general, entities that have common ownership or management are considered affiliates.

Therefore, to determine if the Debtor was eligible for a Second Draw Paycheck Protection Program Loan, the Small Business Administration would take into account the gross receipts of the Debtor and <u>all</u> its affiliates, which included, Corinthian Trading Inc. ("**Trading**"), Corinthian Media Inc. ("**Media**"), Broadcast Buying Services ("**Broadcast Buying**"), as well as the approximately 30 other limited liability companies owned by Mr. Miller and any other entities owned or managed by Mr. Miller. As mentioned in the Motion, the Debtor included the gross receipts of Trading, Media, and Broadcast Buying in its loan agreement with Community Federal Savings Bank. It nonetheless failed to disclose the existence of these affiliated entities whose receipts were included in the Debtor's calculation of its gross receipts, and further failed to identify other affiliated entities.

Accordingly, to the extent it could be inferred from the Motion and Declaration of Eric Huebscher that the Debtor should not have used Trading's, Media's, and Broadcast Buying's gross receipts for calculating its gross receipts reduction, such inference would be incorrect.

Respectfully,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

<u> /s/ Susan A. Arbeit </u>
Susan A. Arbeit
Richard Morrissey
Trial Attorneys