**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
Brett Dockwell
David J. Kozlowski

*Attorneys for 500 Eighth Avenue LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| | Case No. 22-10425 (MG) |
| **CORINTHIAN COMMUNICATIONS, INC.,** | |
| Debtor. | |

### 500 EIGHTH AVENUE LLC'S JOINDER IN THE UNITED STATES TRUSTEE'S MOTION TO REMOVE THE DEBTOR AS DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. 1185(a)

500 Eighth Avenue LLC ("**Landlord**"), by its undersigned counsel, Morrison Cohen LLP, joins (this "**Joinder**") in the United States Trustee's ("**U.S. Trustee**") *Motion to Remove the Debtor as Debtor in Possession Pursuant to 11 U.S.C. 1185(a)* [Docket No. 37] ("**Motion**").[1] In support of this Joinder, Landlord respectfully sets forth and represents as follows:

1.      Landlord respectfully joins in, adopts as its own, and incorporates by reference as if fully set forth herein the entire contents of the U.S. Trustee's Motion.[2]

---

[1]   Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

[2]   To the extent modified or qualified by any subsequent filing of the U.S. Trustee, including the letter filed on June 28, 2022 [Docket No. 43].

2.     The Bankruptcy Code provides extraordinary benefits to distressed companies, in exchange for which it demands total and complete transparency about financial affairs, and candid cooperation with the Court, U.S. Trustee, and subchapter V trustee, among others.

3.     In filing this case under subchapter V of the Bankruptcy Code, Debtor availed itself of this bankruptcy process. However, rather than the open and candid approach required, Debtor has exhibited a cavalier and disrespectful attitude toward the requirements and formalities required by the Bankruptcy Code.

4.     As this Court is well aware, Debtor failed to make basic disclosures in documents filed in this case. Subsequently, as information slowly came to light through questions raised by the U.S. Trustee and Subchapter V Trustee, their investigation was stymied by the obstructionist tactics of the Debtor's 100% owner and current manager, Larry Miller ("**Miller**"). As detailed in the Motion, Debtor's answers to basic informational queries have been belated, inadequate, misleading, and self-serving.

5.     No less than 16 times at the May 5, 2022 section 341 meeting of creditors ("**341 Meeting**"), Miller claimed ignorance of basic facts about the operation and history of the Corinthian Enterprise. *See Tr. of 341 Meeting of Creditors* (Miller asserted he had no knowledge of: formation of Broadcast Buying Services (11:15–16); insurance premiums for Broadcast Buying Services (11:18–12:2 and again at 13:1–6); Corinthian Media formation and state of incorporation (14:17–21); delineation of employee claim amount (17:15–19); Debtor's fax number (33:7–9); whether employee

paychecks include tax withholdings (34:14–35:2); membership of Debtor's board of directors (35:13–14); whether books and records reflect Miller's salary (41:8–10); basic knowledge of Miller's historical compensation (41:14–17); Debtor's use of PPP loan proceeds (41:20–21); whether Debtor will file complete statements with the Court (42:3–19); whether Miller is himself the stockholder (42:23–43:3); the amount due Miller as stockholder (43:4–6); number of Debtor's employees before the pandemic (43:7–10); Debtor's plans to relocate or go remote (43:16–21)). It is simply not acceptable for Miller, as Debtor's representative under oath, to claim ignorance of basic elements of the Debtor's history, management, and prospective plans.

6.      At this point—*three months into the case*—this Court, the U.S. Trustee, the Subchapter V Trustee, and creditors still have insufficient information to adequately evaluate the relationship between the Debtor and the rest of the Corinthian Enterprise entities, whether the Debtor's PPP loan was proper, where the borrowed funds went, and the current and historical revenue and expenses of the Corinthian Enterprise, among other things.

7.      Miller's pattern of indifference, in addition to the facts identified in the Motion, demonstrates the type of disrespect for this Court and process that is the cause section 1185(a) is intended to address. The case should not continue to languish under this mismanagement.

[<em>remainder of page intentionally left blank</em>]

**WHEREFORE**, for the foregoing reasons and for all the reasons set forth in Motion, Landlord respectfully requests that the Court (a) grant the Motion, (b) remove the Debtor as debtor-in-possession, and (c) grant such other and further relief as is just and proper.

Dated: New York, New York
      June 30, 2022

MORRISON COHEN LLP

By: /s/ Joseph T. Moldovan
      Joseph T. Moldovan, Esq.
      Brett Dockwell, Esq.
      David J. Kozlowski, Esq.

909 Third Avenue
New York, New York 10022
(212) 735-8600
jmoldovan@morrisoncohen.com
bdockwell@morrisoncohen.com
dkozlowski@morrisoncohen.com

*Attorneys for 500 Eighth Avenue LLC*