**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

CORINTHIAN COMMUNICATIONS, INC.,

Debtor.

Chapter 11

Case No. 22-10425 (MG)

**DECLARATION OF MICHAEL BLOCK IN OPPOSITION TO THE
UNITED STATES TRUSTEE'S MOTION TO REMOVE THE DEBTOR
AS DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. § 1185(a)**

Pursuant to 28 U.S.C. § 1746, Michael Block hereby declares as follows.

1. I am a certified public accountant currently working at the accounting firm of Zelin & Associates, CPA LLC ("**Zelin**"). I have been employed by Zelin since January 1, 2022. Prior to Zelin, I was a principal at the accounting firm of Block and Block, where I worked for 40 years. I have been the accountant for Corinthian Communications, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "**Debtor**"), for approximately 48 years. I also provide accounting services to the Debtor's non-debtor affiliates: Corinthian Trading Inc.; Corinthian Media Inc; and Broadcast Buying Services (each a "**Non-Debtor Entity**" and collectively, the "**Non-Debtor Entities**"). I am writing this declaration in support of the Debtor's opposition to the Office of the United States Trustee's motion to remove the Debtor from possession.

2. As the longtime accountant for the Debtor and the Non-Debtor Entities, I am familiar with corporate structure, operations, and finances of their media planning and buying business. Given my familiarity, I was tasked with preparing the Debtor's PPP loan and loan forgiveness applications in coordination with the Debtor's office manager, Charlotte Pelcman.

3. On the Debtor's applications for its first and second draw PPP loans, in response to the question asking "Is the Applicant or any owner of the Applicant an owner of any other business,

or have common management (including a management agreement) with any other business?", we inadvertently answered "No." This was an honest mistake, as I explained to the United States Trustee and the Subchapter V trustee during the section 341 meeting of creditors.

4. We should have answered "Yes" and attached an addendum identifying the Non-Debtor Entities and describing their relationship to the Debtor. It would not have affected the Debtor's eligibility to receive its first draw PPP loan because none of the Non-Debtor Entities have any employees, and the Debtor has far fewer than 500 employees.

5. For the second draw PPP application, I conducted the analysis to determine whether the Debtor experienced at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020. I performed that analysis in a manner that was consistent with the governing regulations and guidance from the SBA at the time and also reflected the reality of how the business of the Debtor and the Non-Debtor Entities functions. Specifically, I aggregated the gross receipts of all of the revenue-generating Non-Debtor Entities for each quarter in 2019 and 2020, excluded intercompany transfers (as the SBA directed in its regulations and guidance), and compared the resulting totals. My analysis yielded a 29.88% reduction in gross receipts between Q3 2019 ($15,772,851.61) and Q3 2020 ($11,059,673.38), making the Debtor eligible for the second draw PPP loan that it applied for and received.

6. I also helped to prepare the Debtor's applications for forgiveness of the first and second draw PPP loans. Both forgiveness applications were supported by the Debtor's books and records showing that 100% of the loan proceeds were used to pay the Debtor's employees. None of the loan proceeds were paid to any of the Non-Debtor Entities or to the Debtor's principal, Larry Miller. Both of the Debtor's PPP loans were forgiven shortly after the forgiveness applications were submitted.

7.  I want to reiterate to the Court that I have been a public accountant for 54 years and a CPA for 49 years and have never been accused of any misconduct, let alone fraud. As I stated during the 341 meeting, and continue to maintain, I made a good-faith effort to correctly complete the Debtor's PPP applications. While I recognize that the Non-Debtor Entities should have been identified and described in the applications, that inadvertent omission did not change the Debtor's eligibility for the PPP loans that it received, and also does not change the fact that the Debtor used all of the loan proceeds to pay its employees payroll and properly applied for and received forgiveness of the loans.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 30, 2022

_____
Michael Block, CPA