

U.S. Department of Justice

Office of the United States Trustee
*Southern District of New York*

*201 Varick Street*  Phone:*(212) 510-0500*
*Suite 1006*  Fax:   *(212) 668-2255*
*New York, New York 10014*

August 15, 2022

Honorable Martin Glenn
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

<u>**Re: In re Corinthian Communications Inc., Case No. 22-10425 (MG)**</u>

Dear Honorable Judge Glenn:

Since the last hearing on July 21, 2022, Eric Huebscher, the Subchapter V Trustee, and my Office have been in communication with Debtor's counsel. Over the last three weeks, Mr. Huebscher has examined documents produced by Corinthian Communications Inc. (the "**Debtor**"), spoke with the Debtor's principal, Larry Miller, counsel to the debtor, counsel to Mr. Miller, and the Debtor's accountant and various employees of the Debtor, and today has filed a Supplemental Status Report in accordance with the Court's Order, dated July 22, 2022 [ECF No. 68]. Based on Mr. Huebscher's investigation, we have learned that there are potential causes of action against the three closely held affiliates, Corinthian Trading Inc., Corinthian Media Inc., Broadcast Buying Services (collectively, the "**Corinthian Affiliates**", and including the Debtor, the "**Corinthian Enterprise**"), other entities owned by Larry Miller, and Mr. Miller. We also learned that that the Debtor prepetition had a second bank account, which was not previously disclosed to the United States Trustee or the Subchapter V Trustee, which Mr. Miller used for his own personal expenses.

At the commencement of a chapter 11 case, the United States Trustee requests various documents from a debtor, which in this case included a request of all Debtor's bank statements for 2020 through the Petition Date. It is disheartening at this advanced stage to learn that the bank account information existing in 2020 was not disclosed, and even more problematic that it appears that Mr. Miller charged over $350,000 in personal expenses between 2016 and October 2020, which the Debtor was not reimbursed for.

To date, we still do not know the full extent of claims against the Corinthian Affiliates because the Debtor has failed to share with the Subchapter V Trustee the payment formula and calculations used to determine how much each of the Corinthian Affiliates owed for each of the employees. This is troublesome since at least one of the Debtor's employees was allocated on a shared service basis to cover the administration and support of non-Corinthian Enterprise businesses. The Debtor has also failed to provide detailed or summary information on the Corinthian Enterprise's 2021 financial performance and/or Mr. Miller's expected Sub S profit or loss for 2021. This information, along with the financial projections for the next three to five years is necessary to determine if the Plan (as defined below) is feasible and whether the Debtor's disposable income projections are accurate.

Although we recognize the Court's concerns regarding the impact that removing the debtor-in-possession would have upon the Debtor's operations, however, in view of the very serious findings articulated in the Subchapter V Trustee's Supplemental Status Report coupled with the continuing lack of full financial transparency into this Debtor, we nonetheless respectfully request the Court to grant the United States Trustee's Motion Removing the Debtor as Debtor in Possession [ECF No. 37]. Alternatively, if the Court is not inclined to grant the United States Trustee's Motion, we ask the Court to consider issuing an order authorizing the Subchapter V Trustee to continue his investigation of the Debtor, directing the Debtor to continue its cooperation with that investigation, and authorizing the Subchapter V Trustee to bring causes of action on behalf of the Debtor.

Mr. Huebscher's investigation has shown that Mr. Miller and the Corinthian Affiliates have benefitted to the detriment of the Debtor's creditors by running all expenses through the Debtor. Based on the information known to date, it is extremely unlikely that that the Debtor will fulfill its fiduciary duty to pursue potential causes of action on behalf of the estate against Mr. Miller and the Corinthian Affiliates. This is especially the case since the Debtor's First Modified Chapter 11 Plan of Reorganization (the "**Plan**") states: "Given Mr. Miller's contributions to the Plan, which far exceeds any recoveries that might be gained through litigation, the debtor does not intend to pursue claims involving Mr. Miller." ECF No. 66, Plan § 1.13.

Respectfully,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

 /s/ *Susan A. Arbeit*
Susan A. Arbeit
Richard Morrissey
Trial Attorneys

cc: Eric Horn, Esq. and Heike Vogel, Esq., Counsel for the Debtor