

Paul H. Aloe • Direct (212) 868-1888 • paloe@kudmanlaw.com

August 17, 2022

**VIA ECF AND EMAIL**
Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    **Re:**    *In re Corinthian Communications, Inc.*
                  **Case No. 22-10425 (MG)**

Dear Chief Judge Glenn:

      We represent Larry Miller, the sole shareholder of Corinthian Communications, Inc. (the "Debtor"). Prior to the entry of yesterday's order removing the Debtor as debtor-in-possession (Docket No. 75), Mr. Miller was also the principal in charge of operating the Debtor's business. We respectfully submit this letter jointly with counsel for the Debtor to request an emergency conference to discuss the refusal of the Subchapter V Trustee, Eric Huebscher, to authorize the release of pre-written checks representing trust funds that the Debtor withheld from its employees' paychecks for their individual 401(k) contributions for the payroll period scheduled to be paid this Friday (August 19).

      Immediately after the conference yesterday, Mr. Miller advised Mr. Huebscher that the Debtor needed to fund its payroll obligations by the end of the day in order for the Debtors' employees to timely receive their paychecks this Friday. Mr. Huebscher did not object to Mr. Miller's authorizing the requisite wires. Later that evening, at 7:59 p.m., Mr. Miller sent an email advising Mr. Huebscher that, in order to complete the payroll, the Debtor needed to send out checks for the 401(k) contributions that the Debtor withheld from the employees for their individual contributions. Mr. Huebscher responded more than an hour later, at 9:08 p.m., and refused to authorize sending out the checks. Instead, Mr. Huebscher demanded that Mr. Miller make Mr. Huebscher the authorized signer on the Debtor's accounts (a task that obviously could not be completed after 9:00 p.m.) and listed a number of requests for information that he wanted to discuss. Mr. Huebscher also advised that he was retaining Stephanie Wickouski of Locke Lord LLP as his counsel in this matter and suggested scheduling a call with Mr. Miller and me.[1]

      I was not available for a call from 6:00 a.m. until 3:00 p.m. today because I was participating in an international deposition. Mr. Miller so advised Mr. Huebscher at 10:46 a.m. this morning. When I became available after 3:00 p.m., Mr. Miller and I immediately attempted to contact Mr. Huebscher on both of his listed phone lines. He did not answer.[2]

---

[1] A copy of this email exchange is enclosed as Exhibit A. As of this writing, no application for retention of counsel by Mr. Huebscher has been made.

[2] A copy of an email that I sent to Mr. Huebscher after we attempted to reach him is attached as Exhibit B.

While I was unavailable, Mr. Miller emailed Mr. Huebscher to reiterate that it was imperative to authorize the release of the employees' 401(k) contribution checks. Mr. Huebscher again refused and restated his demand for signing authority on the Debtors' accounts and for responses to his requests. Mr. Miller responded that he would promptly change the signatory for the accounts (although he personally did not know how to go about doing that) and explained that he was not refusing to respond or comply with Mr. Huebscher's requests. Rather, Mr. Miller understood Mr. Huebscher's requests for information as items to be discussed during the call that they were seeking to schedule, not something that he expected Mr. Miller to have at the ready to send to Mr. Huebscher by email.[3] Mr. Miller promptly emailed the Debtor's office manager to doing whatever was necessary to provide Mr. Huebscher with signing authority on the Debtor's accounts, specifically noting the urgency of the matter.[4]

The funds that Mr. Huebscher is refusing to release do not belong to the Debtor—they belong to the Debtor's employees. Failing to timely remit these 401(k) contributions may create liability for the Debtor, Mr. Miller, and even Mr. Huebscher. It also will not help to instill any confidence in the Debtors' employees, who have already expressed concerns about what this transition means for the Debtor's business and the future of their jobs.

Mr. Miller and the Debtor are of course prepared to work with Mr. Huebscher to complete the transition required by the Court's order removing the Debtor as debtor-in-possession, but the release of the employees' 401(k) contribution funds is a critically urgent issue that must be addressed without any further delay.

We appreciate the Court's attention to this time-sensitive matter.

Respectfully submitted,

*/s/ Paul H. Aloe*
Paul H. Aloe

*/s/ Eric H. Horn*
Eric H. Horn

Encls.

cc:  Susan Arbeit, Esq. (via ECF & email)
     Eric Huebscher (via ECF & email)
     David Kozlowski, Esq. (via ECF & email)
     Heike M. Vogel. Esq. (via ECF & email)

---

[3] A copy of this email exchange is attached as Exhibit C.

[4] A copy of this email is attached as Exhibit D.

Exhibit "A"

From: ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>
Sent: Tuesday, August 16, 2022 9:08 PM
To: Larry M Miller <lmiller@mediabuying.com>
Cc: Paul Aloe <PAloe@kudmanlaw.com>; Stephanie Wickouski (swickouski@lockelord.com) <swickouski@lockelord.com>
Subject: RE: I received this request in the afternoon

Mr. Miller:
Good evening.
As of this morning, after the order was entered, all responsibility and authority for and wit the Debtor rests with me. There can be zero exceptions.
Please take the necessary steps to have me inserted as the authorized signer on all accounts. No payments can go out without my approval and signature.
I need to know the names and pay rates for all employees. The exact financial arrangements for each employee etc. Also, how much is currently in the bank account(s) and how much is due from the affiliates. What is the current accounts payable of the Debtor?
I will be retaining Locke Lord, Stephanie Wickouski, to represent the Debtor from this point forward. Retention papers are in in the works. It may make sense for Mr. Aloe and Ms. Wickouski to speak in the morning.
We must get the above administrative tasks out of the way and then work together to achieve the best possible outcome for all constituents.
Thank you.
Eric Huebscher

Eric Huebscher, MBA, CPA, CFE, CPCO
Trustee - Chapter 11/Subchapter V
President
Huebscher & Co.
301 East 87th Street
New York, NY 10128
P - 646.584.3141
M - 917.763.3891
EFAX - 212.202.3503

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

-----Original Message-----
From: Larry M Miller <lmiller@mediabuying.com>
Sent: Tuesday, August 16, 2022 7:59 PM
To: ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>
Subject: I received this request in the afternoon

They are part of the payroll obligations for this week and should be paid.

Charlotte has made out the checks and they are signed by me (she had pre signed checks). She will mail them immediately with your approval. This will complete the payroll which is due Friday. This is part of payroll and would have normally been sent out yesterday.

After this two checks, all checks will be signed by you.


Sent from my iPad

# Exhibit "B"

From: Paul Aloe
Sent: Wednesday, August 17, 2022 3:19 PM
To: 'ehuebscher huebscherconsulting.com' <ehuebscher@huebscherconsulting.com>
Cc: Larry M Miller <lmiller@mediabuying.com>; ehorn@aystrauss.com; hvogel@aystrauss.com
Subject: RE: 401K contributions

 Mr. Heubscher

Mr. Miller and I just tried to call you on both of your lines and we received email.  If you let us know a time to talk, we can set up a call for us to talk.

I believe you have already been sent the info so you can be put on the bank accounts.

We remain highly concerned that you directed the company to hold checks representing funds withheld from employees for the 401(k) contribution.  This should be release immediately

Paul Aloe

# Exhibit "C"

From: ehuebscher huebscherconsulting.com <ehuebscher@huebscherconsulting.com>
Sent: Wednesday, August 17, 2022 2:31 PM
To: Larry M Miller <lmiller@mediabuying.com>
Cc: Paul Aloe <PAloe@kudmanlaw.com>; Max Markidan <mmarkidan@huebscherconsulting.com>; Charlotte Pelcman <charlottep@mediabuying.com>
Subject: Re: 401K contributions

Mr Miller
You are making this wildly more difficult than it needs to be.
You have mischaracterized and misstated my prior emails.
Please send to me without any further delays or excuses 1. Detailed and comprehensive pay plans for all employees 2. Current bank balance 3. Current amount due from affiliates 4. Current debtor accounts payable 5. Take immediate steps to add me as an authorized signer on all accounts. I reject the notion that you do not know how this is accomplished. Who is your relationship manager at ML (name, phone number and email)?
6. Please send to me the ADP registers and/or trust documents for all payroll and/or 401(k) payments for this week.
No payments are authorized without receipt of the above.
If we cannot advance this I will seek an immediate court conference.
Thank you
Eric Huebscher

Eric Huebscher
Sent from my IPhone
Please excuse all spelling mistakes

> On Aug 17, 2022, at 2:05 PM, Larry M Miller <lmiller@mediabuying.com> wrote:
>
> You asked for me to call. We have not been able to arrange a call since I was ill yesterday and Paul is in deposition today.
>
> You listed questions for us to discuss. You certainly could have called any of the employees to get the information directly. You have all their names, duties and emails.
>
> I have no idea how to add you to the bank account. I will certainly do that and remove myself. The only checks that need to be written is the contribution to the 401K to complete the payroll due this Friday. As I told you, Charlotte has those two checks and is waiting for your approval to mail.
>
> I think you are trying to create a false record. There have been no delays or excuses. I have a right to have a lawyer on the phone with me. I also have other obligations. Physical therapy (every day). Doctors appointments. And I have been on the phone since 7am with people calling to inquire what is the meaning of the court order. I am hoping to prevent more resignations. Your cooperation in making the employees comfortable would be greatly appreciated.
>
> One last thing. I had to cancel a call with my sister and her doctors to accommodate your schedule. My sister is dying of cancer. She just started stem cell treatment. She has incurable cancer. I don't expect anything more than consideration.
>

>
>
> On Aug 17, 2022, at 1:30 PM, ehuebscher huebscherconsulting.com<https://nam11.safelinks.protection.outlook.com/?url=http%3A%2F%2Fhuebscherconsulting.com%2F&amp;data=05%7C01%7Cdsaponara%40kudmanlaw.com%7C24df586f0a334bb6489308da808f0a93%7Ca1c013c1dc9f4b4896122fb566da6ebf%7C0%7C0%7C637963649077382896%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=e8BqTsAMlpeOgmArql5too1LZScqYy1%2FDWUamvemCX4%3D&amp;reserved=0>
<ehuebscher@huebscherconsulting.com<mailto:ehuebscher@huebscherconsulting.com>> wrote:
>
> Mr Miller
> I have asked you for very specific questions You have not responded or
> complied It is imperative that you supply the requested information
> without any further delays or excuses.
> I must be placed as the signatory over the bank accounts immediately
> Time is of the essence Eric Huebscher
>
> Eric Huebscher
> Sent from my IPhone
> Please excuse all spelling mistakes
>
> On Aug 17, 2022, at 1:10 PM, Larry M Miller <lmiller@mediabuying.com<mailto:lmiller@mediabuying.com>> wrote:
>
> Dear Mr. Huebscher:
>
> As I told you from day one I have wanted to cooperate and do what is right for the benefit of the company. I must say that I am deeply troubled by the fact that you are refusing to allow the company to send 401-k contributions out. This is money that was taken out of employees' paychecks already. These funds are owned by the employees and not the company. Not paying these amounts is wrong and I will have no part in that. Please authorize those payments by calling Charlotte Pelcman and authorizing.
>

# Exhibit "D"

From: Larry M Miller <lmiller@mediabuying.com>
Sent: Wednesday, August 17, 2022 2:34 PM
To: Charlotte Pelcman <charlottep@mediabuying.com>
Cc: Eric Huebscher <ehuebscher@huebscherconsulting.com>; Paul Aloe <PAloe@kudmanlaw.com>; Larry M Miller <lmiller@mediabuying.com>
Subject: Please arrange for...

Eric Huebscher to be the signatory on the account.

Remove my name.

Let me know if I should mail the blank checks I currently have to him or they want to issue new checks to him.

Tear up all the checks in your possession.

Mr. Huebscher is in charge of the company. I have no authority to do anything. All decisions are his.

Eric: if you need more details, please contact Charlotte directly. I do not know how to do this or who to call. Charlotte set up this special account. I assume that Eric knows all the details of how to accomplish his goals.

Charlotte: Eric seems to need this done immediately. Please take care of this as soon as you can.