UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CORINTHIAN COMMUNICATIONS, INC.,<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10425 (MG) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
LOCKE LORD LLP AS COUNSEL TO THE TRUSTEE
*NUNC PRO TUNC* TO AUGUST 16, 2022 AND RELATED RELIEF**

Upon the application dated August 23, 2022 (the "Application")[1] of the Trustee for an order under sections 327(a) and 328 of the Bankruptcy Code authorizing the employment and retention of Locke Lord as counsel to the Trustee *nunc pro tunc* to August 16, 2022, pursuant to the terms set forth in the Application; and this Court having reviewed the accompanying Wickouski Declaration; and it appearing that due and sufficient notice of the Application and the opportunity for a hearing thereon has been given; and there being no objections to the requested relief; and no additional notice or a hearing being required; and this Court being satisfied with the representations made in the Wickouski Declaration that Locke Lord neither holds nor represents an interest adverse to the Debtor or its estate, that it is "disinterested" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary; and after due deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED, that:**

1. The Application is granted as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2. The Trustee is authorized to employ and retain Locke Lord, effective as of August 16, 2022, to serve as the Trustee's counsel in this Case, as described in the Application.

3. The retention of Locke Lord as counsel to the Trustee satisfies sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

4. To the extent that any additional tasks are identified that are not included as part of the Application, Locke Lord will file a supplemental declaration in a form consistent with Bankruptcy Rule 2014, and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstances of the situation, including whether earlier disclosure would reveal privileged information or compromise the Trustee's abilities to perform its statutory responsibilities under the Bankruptcy Code.

5. Locke Lord shall use its best efforts to avoid duplication of services provided by any of the Trustee's other retained professionals in this case.

6. Locke Lord shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Services in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, the Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court, and on the terms set forth in the Application.

7. Prior to any increases in Locke Lord's rates, Locke Lord shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and the United States Trustee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has

consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

8. Locke Lord will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of Locke Lord to perform services under the Engagement Letter between the Trustee and Locke Lord without separate Court approval.

9. In the event of any inconsistency between the Application, Wickouski Declaration, Engagement Letter, and this Order, the terms of this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  August 23, 2022
         New York, New York

                                                  **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                                  Chief United States Bankruptcy Judge