**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re:<br><br>Corinthian Communications, Inc.,<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10425 (MG) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTOR'S SECOND MODIFIED PLAN OF REORGANIZATION (SUBCHAPTER V) DATED OCTOBER 27, 2022 [DOCKET NO. 95]**

WHEREAS, the debtor, Corinthian Communications, Inc. (the "***Debtor***"), has, among other things:[1]

a. commenced the above-captioned chapter 11 case (the "***Chapter 11 Case***") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") on April 4, 2022 (the "***Petition Date***") with the Bankruptcy Court for the Southern District of New York (the "***Court***");

b. on the Petition Date, the Debtor elected to be a Small Business Debtor under Sub-chapter V of chapter 11;

c. on April 5, 2022, the office of the United States Trustee appointed Eric Huebscher as Sub Chapter V Trustee in this Chapter 11 Case (the "***Sub V Trustee***");

d. filed, on October 27, 2022, the Second Modified Chapter 11 Plan of Reorganization [Docket No. 95] (the "***Plan***");

e. filed, on December 12, 2022, an Attorney's Certification of Acceptances or Rejections of the Plan [Docket No. 106];

f. filed on December 12, 2022, a Brief in Support of Confirmation [Docket No. 107] (the "***Confirmation Brief***");

g. filed, on December 12, 2022, the Declaration of Larry Miller in support of confirmation of the Plan [Docket No. 109] (the "***Miller Declaration***");

h. filed, on December 15, 2022, the Declaration of Eric H. Horn in support of confirmation of the Plan [Docket No. 114] (the "***Horn Declaration***"); and

---

[1] All capitalized terms used and not otherwise defined in this Confirmation Order (as defined herein) shall have the meanings given to them in the Plan (as defined herein).

      i.      obtained December 15, 2022 as the date that the Court would hold a hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan ("**Confirmation**");

This Court having:

      a.      set December 8, 2022 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file objections to the proposed confirmation of the Plan;

      b.      set December 15, 2022 at 2:00 p.m. (prevailing Eastern Time) as the date and time for commencement of the Confirmation Hearing;

      c.      reviewed the Plan, all exhibits to the Plan, the Confirmation Brief, the Miller Declaration, and the Horn Declaration;

      d.      heard the statements and arguments made by counsel with respect to Confirmation;

      e.      considered all testimony, documents, filings, and other evidence presented or admitted at the Confirmation Hearing; and

      f.      entered a ruling on the record at the Confirmation Hearing granting confirmation of the Plan.

NOW, THEREFORE, the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and the Court having found the record of this Chapter 11 Case and the legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and upon the record of the Confirmation Hearing, the transcript of which is incorporated by reference herein, after due deliberation thereon and good cause appearing therefor, the Court hereby makes andissues the following findings of fact, conclusions of law, and order (this "**Confirmation Order**"):

**I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such. To the extent any finding of fact or conclusion of law set forth herein (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Court, it is adopted as such.

2. <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

3. <u>Transmittal and Mailing of Materials; Notice.</u> The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing and the time fixed for filing objections to plan confirmation, and the Administrative Bar Date to all entities entitled to receive that notice, including all of the Debtor's known creditors. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process.

3

That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Bankruptcy Rules; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York; and (d) all relevant orders of the Court.

4.  <u>Burden of Proof.</u>  The Debtor, as proponents of the Plan, has met its burden of proving all of the requirements of a consensual plan under section 1191(a), including each required element of section 1129 of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation. Further, the Debtor has proven each required element of section 1129 of the Bankruptcy Code by clear and convincing evidence.

5.  <u>Compliance with the Requirements of Section 1129 of the Bankruptcy Code.</u>  The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

    a. 11 U.S.C. § 1129(a)(1) - The Plan complies with all of the applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123.

    b. 11 U.S.C. § 1129(a)(2) - The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

    c. 11 U.S.C. § 1129(a)(3) - The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.

    d. 11 U.S.C. § 1129(a)(4) - Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of the Court, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

    e. 11 U.S.C. § 1129(a)(5) – Because the Plan specifies that the Debtor's director(s) will remain the same (once reinstated), this Section is satisfied.

    f. 11 U.S.C. § 1129(a)(6) - There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable

and satisfied.

g.     11 U.S.C. § 1129(a)(7) – The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

h.     11 U.S.C. § 1129(a)(8) – The Plan satisfies Section 1129(a)(8) of the Bankruptcy Code.

i.     11 U.S.C. § 1129(a)(9) – The Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

j.     11 U.S.C. § 1129(a)(10) – The Plan satisfies Section 1129(a)(10) of the Bankruptcy Code.

k.     11 U.S.C. § 1129(a)(11) – The Plan satisfies Section 1129(a)(11) of the Bankruptcy Code.

l.     11 U.S.C. § 1129(a)(12) – The Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

m.     11 U.S.C. § 1129(a)(13) – The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under Section 1114(a) of the Bankruptcy Code. As such, this Section is not applicable to the Plan and is satisfied.

n.     11 U.S.C. § 1129(a)(14) – Because the Debtor is not an individual and has no domestic support obligations, this Section is not applicable to the Plan and is satisfied.

o.     11 U.S.C. § 1129(a)(15) – Pursuant to Section 1181(a) of theBankruptcy Code, Section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this Section is not applicable to the Plan and is satisfied.

p.     11 U.S.C. § 1129(a)(16) – This Section is not applicable to the Plan and is satisfied.

q.     11 U.S.C. § 1129(c) – Pursuant to Section 1181(a) of the Bankruptcy Code, Section 1129(c) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this Section is not applicable to the Plan and is satisfied.

r.     11 U.S.C. § 1129(d) – The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of Section 5 of the Securities Act of 1933. Thus, this provision has been satisfied.

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

6. The Plan is CONFIRMED as a consensual plan under Section 1191(a) of the Bankruptcy Code, and the Plan is incorporated into this Confirmation Order as an exhibit. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

7. The provisions of the confirmed Plan and this Confirmation Order bind the Debtor, the Reorganized Debtor, and all creditors.

8. The Debtor and the Reorganized Debtor are authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents. To effectuate these transactions and the Plan, the Debtor is authorized – without further notice or application to or order of this Court – to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.

9. Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity or Person holding a Claim or an Equity Interest may have in or against the Debtor, its estate, and/or their respective property.

10. Claim holders shall not receive any distribution from the Estate or Reorganized Debtor other than as specifically set forth in the Plan.

11.   The provisions of the Plan and this Confirmation Order shall be binding on the Debtor, the Reorganized Debtor, their respective estates, the Subchapter V trustee appointed in this Chapter 11 Case, and any entity acquiring property under the Plan, and any and all of each estate's creditors, equity holders, and/or any otherclaim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in 11 U.S.C. § 502(g), (h) or (i), whether or not: (a) a proof of claim based on such a debt is filed or deemed filed under 11 U.S.C. § 501; (b) such claim is allowed under 11 U.S.C. § 502; or (c) the holder of such claim has accepted the Plan.

12.   On the Effective Date, all persons and entities shall be forever enjoined from asserting any Claims or interests against the Debtor, the Reorganized Debtor, their respective estates or their respective property except as provided under the Plan.  Any judgment at any time obtained in any other court, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt that is discharged under the Plan, is void without further action required by any parties.

13.   Pursuant to Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and this Confirmation Order shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014, the terms

and provisions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

14. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

15. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Chapter 11 Case, all matters arising out of or related to the Chapter 11 Case and the Plan, the matters set forth in Section 5.3 of the Plan, and other applicable provisions of the Plan, including jurisdiction to:

   a. grant or deny applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan for periods ending on or before the Effective Date;

   b. hear and resolve all claim objections and/or disputes regarding claims against the Debtor;

   c. enter any orders necessary or appropriate to implement, consummate, or enforce the provisions of the Plan and of all contracts, instruments, releases, and other agreements or documents entered into in connection with the Plan;

   d. resolve any and all controversies, suits, or issues that may arise in connection with the Plan's consummation, interpretation, or enforcement;

   e. enter and implement any orders that are necessary and appropriate if this Order is for any reason modified, stayed, reversed, revoked, or vacated; and

   f. enter the order closing the Chapter 11 Case.

16. If this Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this Confirmation Order will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

17. Within five (5) business days of the Effective Date of the Plan, the Debtor shall file a notice of the occurrence of the Effective Date and substantial consummation of the Plan on

the Court's ECF system giving notice to all holders of claims as well as potential holders of claims that are subject to Section 2.8 (Administrative Expense Bar Date) of the Plan of the deadline for the submission of such claims and of the procedures for doing so. Any claims of a kind specified in Section 2.8 of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred.

18. Notwithstanding any Bankruptcy Rule (including, without limitations, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014), this Confirmation Order is effective immediately upon entry and not subject to any stay.

19. This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

**IT IS SO ORDERED:**

Dated:  December 19, 2022
        New York, New York

                                        _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge