**Presentment Date: March 20, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 13, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| CORINTHIAN COMMUNICATIONS, INC., | Case No. 22-10425 (MG) |
| Reorganized Debtor. | |

**NOTICE OF PRESENTMENT OF THE REORGANIZED DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULE 3022**

**PLEASE TAKE NOTICE** that the above-captioned reorganized debtor (the "***Debtor***") hereby files the above-referenced application (the "***Application***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Application must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest, on a flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered to the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York and shall be served so as to be actually received by no later than **March 13, 2023 at 4:00 p.m.**

**(prevailing Eastern Time)** (the "***Objection Deadline***") by the following: (i) counsel to the Debtor, A.Y. Strauss LLC, 101 Eisenhower Parkway, Suite 412, Roseland, New Jersey 07068, Attn: Eric H. Horn, Esq.; (ii) counsel to the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Susan Arbeit, Esq.); and (iii) the Subchapter V Trustee, Eric Huebscher, Huebscher & Co., 301 East 87th Street, New York, New York 10128.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: February 27, 2023

                          **A.Y. STRAUSS LLC**

                          By: ___*/s/ Eric H. Horn*___
                          Eric H. Horn, Esq.
                          Heike M. Vogel, Esq.
                          A.Y. Strauss LLC
                          101 Eisenhower Parkway, Suite 412
                          Roseland, New Jersey 07068
                          Tel: (973) 287-5006

                          *Counsel to the Reorganized Debtor*

**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Counsel to the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| CORINTHIAN COMMUNICATIONS, INC., | Case No. 22-10425 (MG) |
| Reorganized Debtor. | |

**REORGANZIED DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER CLOSING THE REORGANZIED DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

The reorganized debtor in the above-captioned chapter 11 case (the "***Debtor***"), by and through its undersigned counsel, hereby submits this application (the "***Application***") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing its chapter 11 case.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") has jurisdiction over this matter pursuant 28 U.S.C. 157 and 1334, which jurisdiction the Bankruptcy Court retained pursuant to the terms of the Confirmation Order and Plan, as such terms are defined below.

2. Venue is proper pursuant to 28 U.S.C. 1408 and 1409.

3

3. The statutory bases herein are section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1(a) and 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## BACKGROUND

4. On April 4, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Sub-Chapter V of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

5. Eric Huebscher was appointed as the Subchapter V Trustee in this Chapter 11 Case.

6. On October 27, 2022 the Debtor filed the *Debtor's Second Modified Plan of Reorganization (Subchapter V) [Dkt. No. 95]* (the "**Plan**").

7. On December 19, 2022, the Court entered that certain *Findings of Fact, Conclusions of Law, and Order Confirming the Debtor's Second Modified Plan of Reorganization (Subchapter V)* [Docket No. 115] (the "**Confirmation Order**"), which confirmed the Plan.

8. On December 19, 2022, the Court approved the final fee applications [Docket No. 116] of the following in the following amounts:

   a. Eric Huebscher (Subchapter V Trustee) – Final Fee award of $81,201.25 and expenses of $2,956.92.

   b. Locke Lord LLP – counsel to the Subchapter V Trustee – Final Fee award of $67,930.00 and expenses of $77.10.

9. On January 4, 2023, the Court approved the final fee application [Docket No. 122] of A.Y. Strauss LLC, counsel to the Debtor, in the following amounts: Final Fee award of $175,002.50 and expenses of $1,690.88.

10. On January 9, 2023, the Subchapter V Trustee filed its report [Docket No. 124].

11. On February 27, 2023, the Debtor filed its bankruptcy closing report [Docket No. 126].

12. It is the Debtor's understanding that all distributions have been made by the Sub-V Trustee under the Plan.

## RELIEF REQUESTED AND BASIS THEREFOR

13. By this Application, the Debtor requests the entry of a final decree pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rules 1005, 2002(m), 2002(n), and 3022, and Local Rule 3022-1, in substantially the form attached hereto, closing the chapter 11 case of the Debtor upon the entry of the Proposed Order approving this Application.

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter the case is fully administered, and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court ... shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

15. Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." The Advisory Committee Note to the 1991 amendment to Bankruptcy Rule 3022 provides a list of six factors that a court may consider in determining whether an estate has been fully administered for final decree purposes. The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and

(f) whether all motions, contested matters, and adversary proceedings have been finally resolved. *See* Advisory Committee Note to Fed. R. Bankr. P. 3022.

16. Courts have frequently applied the six factors set forth in the Advisory Committee Note in determining whether a case has been fully administered. *See*, *e.g.*, *In re Kliegl Bros. Univ. Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). These factors are employed by courts as a guide to assist the determination of whether a case is fully administered, although each of the factors need not be present in order for a court to enter a final decree. *See*, *e.g.*, *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (finding that case was fully administered despite pending adversary proceeding).

17. The chapter 11 case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code. Indeed, the Confirmation Order is a final non-appealable order, the Plan has gone effective, and the distributions have been made.

18. Given the fully administered status of this chapter 11 case, there is no benefit to leaving such open. Closing the case will reduce this Court's docket and the attendant burden on this Court as well as the Clerk of the Court's office and the U.S. Trustee's office.

19. The form of Proposed Order provides for the Court to retain jurisdiction over the chapter 11 case in the event that the Debtor or any other party in interest seeks to reopen the case for cause.

20. In light of the foregoing, entry of an order closing the chapter 11 case is appropriate.

## **NOTICE**

21. Notice of the Application shall be served upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Subchapter V Trustee, and (iii) all other

parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

22.   No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the attached Order, and such other and further relief as is appropriate.

Dated: February 27, 2023

**A.Y. STRAUSS LLC**

By: _/s/ Eric H. Horn_
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
A.Y. Strauss LLC
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel: (973) 287-5006

*Counsel to the Reorganized Debtor*

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| CORINTHIAN COMMUNICATIONS, INC., | Case No. 22-10425 (MG) |
| Reorganized Debtor. | |

**ORDER CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE**
**PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 3022, AND LOCAL RULE 3022-1**

Upon the application, dated and filed on February 27, 2023 at Docket No. 127 (the "***Application***"), of Corinthian Communications, Inc. (the "***Reorganized Debtor***"), for the entry of an order closing the Reorganized Debtor's Chapter 11 case (the "***Case***") pursuant to Sections 105(a) and 350 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "***Local Rules***"); and it appearing that due and sufficient notice of the Application and the opportunity for a hearing thereon was provided; and there being no opposition to the requested relief; and the Court, after due deliberation, finding good and sufficient cause for granting the relief requested in the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334, 1408 and 1409; it is hereby

**ORDERED** that:

1.  The Application is granted.

2.  The Case is hereby closed and a final decree pursuant to sections 105(a) and 350(a) of the Bankruptcy Code (the "***Final Decree***") is granted.

3. The closure of the Case shall not alter or modify the terms of the *Debtor's Second Modified Plan of Reorganization (Subchapter V) [Dkt. No. 95]* (the "**Plan**"), the order of this Court confirming the Plan, entered December 19, 2022 [Docket No. 115] (the "**Confirmation Order**"), any supplement, exhibit, appendix or schedule to the Plan, or any other contract, instrument, release or other agreement executed or created pursuant to the Plan.

4. Entry of this Order is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen the Case for cause.

5. This Court shall retain jurisdiction to hear and determine any matters or disputes arising in or related to the Case.

Date: _____, 2023    _____
   New York, New York                HONORABLE MARTIN GLENN
                                     UNITED STATES BANKRUPTCY JUDGE